UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GERALD MICKENS, JR.,

    Petitioner,

    v.

WARDEN,

    Respondent.

CAUSE NO.: 3:18-CV-927-JD-MGG

OPINION AND ORDER

Gerald Mickens, Jr., a prisoner without a lawyer, filed an amended habeas corpus petition challenging a disciplinary hearing (ISP 18-08-0090) where a Disciplinary Hearing Officer (DHO) found him guilty of interfering with count in violation of Indiana Department of Correction (IDOC) offense B-251. (ECF 5.) As a result, he was sanctioned with the loss of 30 days earned credit time. (*Id.*)

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

While Mickens' petition includes three grounds, he appears to be arguing that he was not guilty of the offense or, alternatively, that his lateness should be excused because, through no fault of his own, he was released late from recreation and did not have adequate time to shower. To the extent that Mickens is arguing that there was insufficient evidence to support the charge, in the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report charged Mickens as follows:

> On 8/9/18 at approximately 1700 hrs the bell was rung to secure. At approx. 1730 hrs I Ofc. D. Zaverl started counting. At approx. 1754 hrs I had to secure offender Mickens DOC # 953628 in his cell CW-211 and fix my count[.]

2

(ECF 13-1 at 1.) Mickens was subsequently charged with violating IDOC B-251, which prohibits "[f]ailing to stand count, being late for count, or interfering with the taking of the count." (ECF 13-5.) He requested witness statements from Sgt. Rice and Sgt. Wilson about whether recreation came back late that day, and he requested that the DHO review the video evidence and daily log to establish when he came back from recreation. (ECF 13-2.) Both of the witness statements and the camera review concluded that the recreation lines returned to CCH around 5:17 or 5:18. (ECF 13-3 at 2-4.) Mickens gave a statement at the hearing indicating that he has medical issues and needed a shower following his return from recreation, but he was nonetheless in his cell before 5:30. (ECF 13-3 at 1.) The DHO reviewed the evidence, including the statements, log sheets, and video evidence that Mickens had requested, and concluded that Mickens was guilty. (*Id.*)

The DHO had sufficient evidence to find Mickens guilty of this offense. The Conduct Report contained sufficient information to find Mickens guilty. It was not arbitrary for the DHO to conclude that Mickens interfered with count given that Officer Zaverl's conduct report states that Mickens was not secured in his cell when he was conducting count. While Mickens claims he was in his cell by 5:30 and denies that he committed the offense, Sgt. Zaverl has stated otherwise, and the DHO was not required to credit Mickens' version of events. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Therefore, the court concludes that the DHO's

finding that Mickens was guilty was neither arbitrary nor unreasonable in light of these facts.

Mickens also argues that he was denied adequate time for grooming and hygiene. As the U.S. Court of Appeals for the Seventh Circuit has explained:

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions – when the decision may be challenged at all, which under *Sandin v. Conner* will be uncommon.

*Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (citations omitted). If Mickens wishes to purse a claim based on inadequate access to showers, he can initiate a separate lawsuit under 42 U.S.C. § 1983, subject to all the usual constraints of the PLRA. The court offers no opinion about the merits of any potential claim that Mickens may have or the wisdom of pursuing this course.

If Mickens wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Gerald Mickens, Jr.'s amended petition for writ of habeas corpus (ECF 5) is DENIED. The clerk is DIRECTED to close the case.

SO ORDERED on August 1, 2019

                                                /s/ JON E. DEGUILIO
                                           JUDGE
                                           UNITED STATES DISTRICT COURT